IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | CV 05-MHT-0600-VPM |
| | ) | |
| v. | ) | |
| | ) | |
| JAMIE HEARD, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT JAMIE HEARD'S ANSWER TO PLAINTIFFS' COMPLAINT FOR COPYRIGHT INFRINGEMENT

**COMES NOW** Jamie Heard, a defendant in the above-styled lawsuit ("Mr. Heard" or "Defendant"), and answers Plaintiffs' "Complaint for Copyright Infringement" in this lawsuit as follows:

### JURISDICTION AND VENUE

1. Defendant lacks sufficient information to either admit or deny.

2. Defendant lacks sufficient information to either admit or deny.

3. Defendant lacks sufficient information to either admit or deny.

### PARTIES

4. Defendant lacks sufficient information to either admit or deny.

5. Defendant lacks sufficient information to either admit or deny.

6. Defendant lacks sufficient information to either admit or deny.

7. Defendant lacks sufficient information to either admit or deny.

8. Defendant lacks sufficient information to either admit or deny.

9. Defendant lacks sufficient information to either admit or deny.

10. Defendant lacks sufficient information to either admit or deny.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

11. Defendant incorporates herein by reference each and every averment contained in each Paragraph above.

12. Defendant denies the allegations contained in Plaintiffs Paragraph in question and demands strict proof thereof.

13. Defendant denies the allegations contained in Plaintiffs Paragraph in question and demands strict proof thereof.

14. Defendant denies the allegations contained in Plaintiffs Paragraph in question and demands strict proof thereof.

15. Defendant denies the allegations contained in Plaintiffs Paragraph in question and demands strict proof thereof.

16. Defendant denies the allegations contained in Plaintiffs Paragraph in question and demands strict proof thereof.

17. Defendant denies the allegations contained in Plaintiffs Paragraph in question and demands strict proof thereof.

18. Defendant denies the allegations contained in Plaintiffs Paragraph in question and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim against the defendant upon which relief can be granted.

*or*

This defendant pleads the general issue and says this defendant is not guilty of the matters with which this defendant is charged in the complaint and demands strict proof thereof.

### SECOND DEFENSE

The complaint fails to allege facts that constitute cause of action under Federal and/or Alabama law and is therefore due to be dismissed.

### THIRD DEFENSE

The compliant is vague and indefinite and does not apprize this defendant of what it is called upon to defend against.

**FOURTH DEFENSE**

This defendant denies that the Plaintiff was injured to the nature and extent claimed and contests damages.

**FIFTH DEFENSE**

This defendant pleads the Statute of Limitations.

**SIXTH DEFENSE**

Said defendant contests venue.

**SEVENTH DEFENSE**

This defendant denies that the plaintiff is legally entitled to recover damages from defendant.

**EIGHTH DEFENSE**

Defendant contests damages claimed by the Plaintiff in this cause for punitive damages on the basis that same are in excess of the *Code of Alabama 1975*, Section 6-11-21.

**NINTH DEFENSE**

The Defendant says that any award of punitive damages to the plaintiff in this cause will be violative of the Fifth Amendment as well as the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

## TENTH DEFENSE

The Defendant says that an award of punitive damages to plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

## ELEVENTH DEFENSE

The Defendant says that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

## TWELFTH DEFENSE

The Defendant says that any award of punitive damages to Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that: no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## THIRTEENTH DEFENSE

The Defendant says that any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under

the Sixth Amendment to the constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

## FOURTEENTH DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this defendant punitive damages, which are
penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## FIFTEENTH DEFENSE

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## SIXTEENTH DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the constitution of the State of Alabama to impose punitive damages against this defendant which are penal in nature by requiring a burden of proof on plaintiff which is less than the "beyond a reasonable doubt" burden of

proof required in criminal cases.

## SEVENTEENTH DEFENSE

The Defendant says that any award of punitive damages to plaintiff in this case will be violative of the Eighth Amendment to the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## EIGHTEENTH DEFENSE

The Defendant say that any award of punitive damages to the plaintiff in this cause will be violative of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that it would provide damages to the plaintiff in excess of the amount determined to be appropriate under the formula adopted by the Alabama Legislature in 1981 in § 27-1-17, Code of Alabama, 1975, as amended.

## NINETEENTH DEFENSE

The Defendant says that a punitive damages award violates due process when it is grossly excessive in relation to the State s legitimate interests in punishing unlawful conduct and deterring its repetition. *BMW of North America v. Gore*, 1996 WL 262429 (U.S.).

## TWENTIETH DEFENSE

The Defendant did not receive adequate notice of magnitude of the sanction that the State may impose. *BMW of North America v. Gore*, 1996 WL 262429 (U.S.).

## TWENTY-FIRST DEFENSE

The Defendant s conduct was not sufficiently reprehensible to support an award of punitive damages. *BMW of North America v. Gore*, 1996 WL 262429 (U.S.).

## TWENTY-SECOND DEFENSE

The Defendant says that any award of punitive damages based on the amount of the Plaintiff s alleged compensatory damages would be excessive. *BMW of North America v. Gore*, 1996 WL 262429 (U.S.).

## TWENTY-THIRD DEFENSE

The Defendant s conduct was not sufficiently egregious to justify a punitive sanction against the Defendant. *BMW of North America v. Gore*, 1996 WL 262429 (U.S.)

## TWENTY-FOURTH DEFENSE

There is no legal entitlement of the Plaintiff to interest.

## TWENTY-FIFTH DEFENSE

Plaintiffs failed to mitigate its damages.

## TWENTY-SIXTH DEFENSE

Plaintiffs Claims are barred by the Doctrine of Estoppel.

## TWENTY-SEVENTH

Plaintiffs Claims are in violation of Rule 11 of the Federal Rules of Civil Procedure.

## TWENTY-EIGHTH DEFENSE

Plaintiffs Claims are in violation of the Alabama Lawyer s Accountability Act.

## TWENTY-NINTH DEFENSE

The Defendant pleads any other matter constituting an avoidance or affirmative defense not specifically set out herein and hereby reserves the right to amend this answer to include any such avoidance or affirmative defense.

## THIRTIETH DEFENSE

The Defendant pleads any other matter constituting an avoidance or affirmative defense not specifically set out herein and hereby reserves the right to amend this answer to include any such avoidance or affirmative defense.

## THIRTY-FIRST DEFENSE

The Defendant reserves the right to amend its answer until all discovery is completed.

## THIRTY-SECOND DEFENSE

This defendant pleads and places the plaintiff on notice of the remedies afforded by the Alabama Litigation Accountability Act. *Ala. Code § 12-19-270, et seq*.

## DEFENDANT JAMIE HEARD DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted,

/s/ Coker B. Cleveland
Coker B. Cleveland
(ASB-4299-O36C) (CLE-040)
Attorney for Defendant
Jamie Heard

**OF COUNSEL:**

**CLEVELAND LAW FIRM, LLC**
1816 Tin Valley Circle, Ste. C
Birmingham, Alabama 35235
Telephone: 205.453.4702
Cellular: 205.516.3579
Facsimile: 205.419.0704
Email: cbcleveland@hotmail.com

**CERTIFICATE OF SERVICE**

      I, the undersigned hereby certify that a true and correct copy of the above and foregoing was served via CM/ECF to the following, this the 2d day of June, 2006:

Dorman Walker
Kelley F. Pate
Leslie E. Williams
BALCH & BINGHAM, LLP
Post Office Box 78
Montgomery, Alabama 36101-0078

                                  /s/ Coker B. Cleveland
                                  OF COUNSEL